AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### District of Arizona

DOA 1-26-22

| | |
|---|---|
| United States of America<br>v.<br><br>Hilda Dickerson<br>_Defendant(s)_ | Case No. 22-3022 MJ |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about January 26, 2022, in the County of Maricopa, in the District of Arizona, Hilda Dickerson, knowing and in reckless disregard of the fact that certain aliens, namely: Jose Eliseo Barraza-Guzman and Teresa Isabel Mejia-Esperanza had come to, entered, and remained in the United States in violation of law, did knowingly transport and move said alien within the United States by means of transportation or otherwise, in furtherance of such violation of law.

In violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

This criminal complaint is based on these facts:

See Attached Statement of Probable Cause, Incorporated by Reference Herein

☒ Continued on the attached sheet.

Reviewed by AUSA Kristen Brook  _Kristen Brook_  Digitally signed by Kristen Brook Date: 2022.01.27 14:21:34 -07'00'

ANTHONY R LUCERO  Digitally signed by ANTHONY R LUCERO Date: 2022.01.27 14:49:48 -07'00'

_Complainant's signature_

Anthony R. Lucero, Border Patrol Agent

_Printed name and title_

Sworn to telephonically and signed electronically.

Date: 1-27-22

_M Morrissey_

_Judge's signature_

City and state:  Phoenix, Arizona

Honorable Michael T. Morrissey, U.S. Magistrate Judge

_Printed name and title_

## STATEMENT OF PROBABLE CAUSE

I, Anthony R. Lucero, a Border Patrol Agent with the United States Border Patrol, being duly sworn, declare and state as follows:

## INTRODUCTION AND BACKGROUND OF AFFIANT

1. Your affiant is a United States Border Patrol agent. I have been a Border Patrol Agent for 12 years. During that time, I have routinely handled immigration inspections related to fraud, alien smuggling, drug smuggling, and I am currently a member of the Phoenix Prosecutions and Intelligence team.

2. In preparing this Affidavit, I conferred with other law enforcement officials, who share the opinions and conclusions stated herein. I have personal knowledge of the following facts or have learned them from other law enforcement officers. I also relied on my training, experience, and background in law enforcement to evaluate this information. Since this Affidavit is being submitted for the limited purpose of establishing probable cause for a complaint, I have not included every fact or source of information establishing the violation of federal law.

## PROBABLE CAUSE

3. On or about January 26, 2021, near Gila Bend, Maricopa County, Arizona, within the District of Arizona, Supervisory Border Patrol Agent Salvador Hernandez was performing assigned duties in the Border Patrol Immigration Checkpoint located near mile marker 18 on State Route 85 in Gila Bend, Arizona. At approximately 5:00 PM a black Ford Edge, bearing AZ plate ZAA5HF approached the primary inspection area of the Immigration Checkpoint. The vehicle contained three visible occupants. The driver was later identified as Hilda Dickerson (hereinafter DICKERSON), the front seat passenger later identified as Teresa Isabel Mejia-Esperanza (hereinafter MEJIA) and one other occupant in the rear passenger seat later identified as Jose Eliseo Barraza-Guzman (hereinafter BARRAZA). Agent Hernandez identified himself as a Border Patrol Agent and began to conduct an immigration inspection.

4.     Agent Hernandez began his inspection with BARRAZA. BARRAZA stated that he was a United States Citizen and presented Agent Hernandez with a United States passport card. Agent Hernandez then continued his immigration inspection with the front passenger, MEJIA. MEJIA also claimed to be a United States Citizen and presented Agent Hernandez with a United States passport card. Agent Hernandez compared MEJIA to the passport card and found that MEIJA did not resemble the person pictured on the passport card. Agent Hernandez then directed DICKERSON to the secondary inspection area to continue his investigation.

5.     At the secondary inspection area Agent Hernandez ran checks on the vehicle as well as the United States passport cards that were presented to him. Upon further investigation of the United States passport cards Border Patrol Agents determined that passport card presented by BARRAZA did not belong to him. In initial questioning at secondary, MEJIA said the passport card was hers. MEJIA was then questioned by Border Patrol Agent Eric Lucero, and she admitted to being a citizen of El Salvador without permission or the proper documentation to remain in the United States legally. At this time all three individuals were placed under arrest and transported to the Ajo Border Patrol Station for further processing. BARRAZA also admitted to Agent Hernandez that he was also a citizen of El Salvador without permission or the proper documentation to remain in the United States legally.

6.     At the Ajo Station, agents read DICKERSON her Miranda Rights, which she waived and agreed to an interview. DICKERSON reported that she lives in Puerto Penasco, Mexico and frequently travels to Phoenix, Arizona to visit her children. Initially, DICKERSON stated that last year she met a female named Angela who lives in Casa Grande, Arizona. DICKERSON stated that Angela contacted her and asked her to transport her adult son and adult niece to Phoenix, Arizona. DICKERSON agreed. DICKERSON stated that she picked the two individuals up at a grocery store in Puerto Penasco, Mexico and together they traveled to Sonoyta, Mexico, where she collected their documents and

proceeded to the Port of Entry. DICKERSON claims that all documents were checked at the Port of Entry and all three of the passengers were admitted into the United States. DICKERSON claimed that Angela was going to pay her for gas and other expenses, but an amount was never agreed upon.

7. At that point, DICKERSON gave agents consent to search her cellphone. During a search of DICKERSON'S phone agents found voice messages, in Whats App, with a contact listed as Angela CG. In the voice messages section, agents found a message DICKERSON sent Angela stating they "made it through."

8. Agents confronted DICKERSON with her Whats App message. DICKERSON stated that she had lied before when speaking to the agents. DICKERSON said that she knew the passengers were illegal. DICKERSON also stated that she was going to be paid $600 in United States currency to transport the two undocumented migrants to Casa Grande, Arizona. DICKERSON stated that she knew it was illegal to transport undocumented migrants, she also stated that she was unsure where the passengers received their documents.

9. BARRAZA has twice been removed from the United States. Most recently, he was ordered removed from the United States on December 5, 2019. On January 20, 2020, BARRAZA was in fact removed from the United States through the Houston, TX airport and flown back to El, Salvador. Before being removed on January 20, 2020, in May 2019 BARRAZA was also removed from the United States, and flown back to El, Salvador from Alexandria, Louisiana.

10. Based on the facts and circumstances stated in this Affidavit, this affiant submits that there is probable cause to believe that on or about January 26, 2021, the defendant, Hilda Dickerson, a United States citizen, knowing or in reckless disregard of the fact that that certain aliens, namely: Jose Eliseo Barraza-Guzman and Teresa Isabel Mejia-Esperanza, had come to, entered, or remained in the United States in violation of

law, did knowingly transport or move said aliens within the United States by means of transportation or otherwise, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

ANTHONY R LUCERO
Digitally signed by ANTHONY R LUCERO
Date: 2022.01.27 14:48:46 -07'00'

Anthony R. Lucero
Border Patrol Agent
United States Border Patrol

Telephonically sworn to before me this 27 day of Jan, 2022.

M Morrissey
HONORABLE MICHAEL T. MORRISSEY
United States Magistrate Judge